**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIELA ECKERLE; RICHARD D. ECKERLE, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST, as Trustee for Securitization Corp. HSI Asset; HOMEWARD RESIDENTIAL, INC., <br><br> Defendants - Appellees. | No. 11-18068 <br><br> D.C. No. 1:10-cv-00474-SOM-BMK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted June 11, 2014[**]
Honolulu, Hawaii

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Richard and Daniela Eckerle appeal the summary judgment entered by the district court in favor of Deutsche Bank National Trust Company and American Home Mortgage Servicing, Inc., now known as Homeward Residential, Inc. ("AHMSI"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**1.** Plaintiffs argue that the district court erred in granting summary judgment because it was required to treat "the allegations in the complaint . . . as being true." To the contrary, when considering a summary judgment motion, the court must determine whether the non-moving party has demonstrated a "genuine dispute as to any material fact" warranting trial. Fed. R. Civ. P. 56(a).

The Eckerles did not do so here. Richard Eckerle's affidavit stated: "I believe that there was a loan modification agreement in place" and "I am under the impression that a further loan modification is under review and still possible." Eckerle's speculation does not establish a material factual dispute as to the existence of a modification agreement. *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.")

The district court correctly held that the documents plaintiffs cite as evidence of a binding loan modification are insufficient to satisfy the Hawaii statute of frauds. *See* Haw. Rev. Stat. § 656-1(4). The documents, at most, establish that the Eckerles

2

might be eligible to apply for a loan modification. For example, a letter from AHMSI states: "We are writing you to let you know that you may be eligible for certain programs that could be used to avoid a foreclosure . . . ."

The plaintiffs also argue the "transfer of title was void because Eckerle had never been personally served with notice of the sale, and because of a break in the chain of title." But none of those allegations are in their amended complaint. Because the plaintiffs presented no evidence below of the existence of a contract, any alleged deficiencies in the chain of title would not save the breach of contract claim they actually asserted.

2.      The district court did not abuse its discretion in denying the Eckerles' motion for reconsideration. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883, 891 (9th Cir. 2000) (noting abuse of discretion standard). Such a motion "may *not* be used to . . . present evidence for the first time when [it] could reasonably have been raised earlier in the litigation." *Id.* at 890 (citation omitted). Two of the documents submitted with the motion for reconsideration were dated before the filing of the opposition to the motion for summary judgment. The movants never explained why the remaining document, a report apparently generated on their behalf, was not prepared earlier.

3.      The notice of appeal was filed on December 27, 2011 and the district court

3

ruled on the attorneys' fee request on March 14, 2012. The Eckerles, however, never amended the notice of appeal. This court therefore lacks jurisdiction to consider an appeal of the fee award. *Culinary & Serv. Emps. Union Local 555 v. Hawaii Emp. Benefit Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982).

**AFFIRMED**.